UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS JAIME,<br><br>                              Plaintiff,<br><br>         -against-<br><br>NEW YORK STATE DEPARTMENT OF<br>CORRECTIONS COMMUNITY<br>SUPERVISION; SULLIVAN CORRECTIONAL<br>FACILITY; DOCTOR GUZMAN; NURSE<br>KONKOL; N.P. MS. ARMBRUSTER,<br><br>                              Defendants. | No. 24-CV-3763 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

Plaintiff Luis Jaime, who is currently incarcerated at Wende Correctional Facility

("Wende"), brings this action pro se, alleging violations of his constitutional rights pursuant to 42

U.S.C. § 1983 ("Section 1983"), as well as claims under state law. (*See generally* Compl. (Dkt.

No. 1).) Plaintiff seeks damages and injunctive relief, and he sues: (1) the New York State

Department of Corrections and Community Supervision ("DOCCS"); (2) the Sullivan

Correctional Facility ("Sullivan"); (3) Sullivan physician, Doctor Guzman; (4) Sullivan Nurse

Konkol; and (5) Sullivan Nurse Practitioner Armbruster.[1]

By order dated June 11, 2024, the Court granted Plaintiff's request to proceed in forma

pauperis ("IFP"), that is, without prepayment of fees.[2]  (*See* Dkt. No. 6.)

---

[1] Together, Guzman, Konkol, and Armbruster are referred to as the "Individual
Defendants" herein.  The Court construes Plaintiff's Complaint as asserting claims against the
Individual Defendants in their official capacities as DOCCS employees, as well as in their
individual capacities.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

For the reasons set forth below, the Court dismisses Plaintiff's claims: (1) under Section 1983 against DOCCS and against Sullivan; (2) for damages under Section 1983 against the Individual Defendants, in their official capacities; (3) under state law against DOCCS and against the Individual Defendants; (4) under Section 1983 for prospective injunctive relief that he asserts on behalf of himself against the Individual Defendants as moot; and, finally, (5) that he asserts on behalf of other Sullivan prisoners.  Such claims purporting to be on behalf of others are dismissed without prejudice.

Because Plaintiff may proceed on his remaining claims for damages under Section 1983 against the Individual Defendants, in their individual capacities, the Court directs service on those Defendants.

I.  Standard of Review

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.* §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*[,]" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (citation omitted).  But the "special

solicitude" in pro se cases, *Triestman*, 470 F.3d at 475 (citation omitted), has its limits—to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## II.  Discussion

### A.  Claims Against DOCCS and the Individual Defendants

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 and under state law against DOCCS, as well as his claims for damages under Section 1983 and his claims under state law against the Individual Defendants, in their official capacities, under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (alteration in original) (quotation marks and citation omitted). "[T]he

immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (citation omitted). This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72–74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). While this doctrine also bars claims for damages against state officers and employees in their respective official capacities, *see e.g.*, *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122–23 (2d Cir. 2020), *abrogated on other grounds*, *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), it does not preclude claims for prospective injunctive relief under Section 1983 against those individuals in their official capacities, *Ex parte Young*, 209 U.S. 123, 155–56 (1908); *see Green*, 474 U.S. at 68; *Libertarian Party of Erie Cnty.*, 970 F.3d at 122–23.

The doctrine of Eleventh Amendment immunity also precludes a plaintiff from seeking, in federal court, relief under state law against a state, one its agencies, or one of its officers or employees sued in his or her official capacity. *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540–42 (2002); *Halderman*, 465 U.S. at 106, 120-21; *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) ("Although the text of the [Eleventh] Amendment would appear to restrict only the Article III diversity jurisdiction of the federal courts, it has been construed more broadly to render states and their agencies immune from suits brought by private parties in federal court." (internal quotation marks and citation omitted)); *see also Bertoldi v. State*, 712 N.Y.S.2d 113, 115 (App. Div. 2000) ("It is well settled that the [New York] Court of Claims has exclusive jurisdiction over actions for money damages against the State [of New York], [New York] State agencies, or [New York] State officials acting in their official capacities in the exercise of governmental functions[.]").

Congress has not abrogated the states' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *cf. Bertoldi*, 712 N.Y.S.2d at 115.  DOCCS is an agency of the State of New York; it is, thus, an arm of that state and enjoys Eleventh Amendment immunity. *See e.g.*, *Donald v. Bennett*, No. 24-CV-3144, 2024 WL 2093645, at *1 (S.D.N.Y. May 9, 2024). Accordingly, officers and employees of DOCCS also enjoy Eleventh Amendment immunity as to claims for damages under Section 1983 brought against them in their official capacities.

As to any claim under state law that Plaintiff asserts against DOCCS, and as to any claim under state law that Plaintiff asserts against any of the Individual Defendants in his or her official capacity, this Court lacks jurisdiction to consider such a claim, as it may only be considered by the New York Court of Claims.  *Gollomp*, 568 F.3d at 357 n.2; *Bertoldi*, 712 N.Y.S.2d at 115.

Thus, the Court dismisses Plaintiff's claims under Section 1983 against DOCCS, as well as Plaintiff's claims under Section 1983 for damages against the Individual Defendants in their official capacities, under the doctrine of Eleventh Amendment immunity for lack of subject matter jurisdiction, and because Plaintiff seeks monetary relief from Defendants that are immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38–39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it sua sponte because it affects our subject matter jurisdiction." (italics omitted)).  The Court dismisses Plaintiff's claims under state law against DOCCS, and his claims under state law

against the Individual Defendants for those same reasons.[3]  Plaintiff's claims for damages under Section 1983 against the Individual Defendants, in their individual capacities, may proceed.

### B.  Claims Under Section 1983 for Prospective Injunctive Relief

In addition to seeking damages, Plaintiff asks the Court "to tell Doctors and Nurses at Sullivan . . . to document all injuries and treat all injuries no matter what, and treat patients at Sullivan . . . [humanely]."  (Compl. 5.)  The Court interprets that part of Plaintiff's Complaint as asserting claims, on Plaintiff's own behalf and on behalf of other Sullivan prisoners, for prospective injunctive relief under Section 1983 against the Individual Defendants.

### 1.  Claims on Plaintiff's Own Behalf

Because Plaintiff filed his Complaint after he had been transferred from Sullivan and while he has been incarcerated at Wende, it appears that his claims for prospective injunctive relief under Section 1983, brought on his own behalf, are moot.  *See Prins v. Coughlin*, 76 F.3d 504, 506 ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."); *accord Cortez v. Cuomo*, No. 21-CV-126,

---

[3] To the extent that Plaintiff asserts any claims under state law for damages against any of the Individual Defendants—who all appear to be DOCCS employees—in their individual capacities under either the Court's diversity jurisdiction or under its supplemental jurisdiction arising from any act or failure to act within the scope of the Individual Defendants' DOCCS employment, Section 24 of the New York Correction Law precludes such claims from being considered by this Court; such claims may only be brought against the State of New York, and can only be considered by the New York Court of Claims.  *See* N.Y. Correct. Law § 24(1)–(2); *Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996) (discussion in the context of pendant (i.e., supplemental) jurisdiction); *Ciaprazi v. Jacobson*, No. 13-CV-4813, 2014 WL 5050591, at *2–3 (S.D.N.Y. Sept. 23, 2014) (discussion in the context of diversity jurisdiction); *Parris v. N.Y. State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 365 (S.D.N.Y. 2013) (discussion in the context of supplemental jurisdiction).  The Court therefore dismisses such claims for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see* 28 U.S.C. § 1915(e)(2)(B)(iii); N.Y. Corr. Law § 24(1)–(2); *Ciaprazi*, 2014 WL 5050591, at *2–3; *Parris*, 947 F. Supp. 2d at 365.

2023 WL 4706825, at *4 (S.D.N.Y. July 24, 2023).  The Court therefore dismisses those claims as moot.

### 2.  Claims Brought on Behalf of Other Sullivan Prisoners

To the extent that Plaintiff asserts claims for prospective injunctive relief under Section 1983 on behalf of other Sullivan prisoners, the Court must dismiss those claims as well.  The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'"  *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)).  A nonlawyer, therefore, cannot bring suit on behalf of another person.  *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff does not allege that he is an attorney.  Thus, the Court dismisses, without prejudice, any claims for prospective injunctive relief under Section 1983 against the Individual Defendants that Plaintiff asserts on behalf of other Sullivan prisoners.

### C.  Claims Under Section 1983 Against Sullivan

The Court must also dismiss Plaintiff's claims under Section 1983 against Sullivan, a DOCCS prison.  To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor."  *See West v. Atkins*, 487 U.S. 42, 48–49 (1988).  "A prison facility is not a person subject to suit under § 1983."  *Cox v. Sing Sing Corr. Facility*, No. 19-CV-9249, 2020 WL 763574, at *2 (S.D.N.Y. Feb. 14, 2020) (citation omitted).  The Court therefore dismisses Plaintiff's claims under Section 1983 against

Sullivan for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.  Service on the Individual Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the United States Marshals Service to effect service.[4]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (explaining that courts must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Guzman, Konkol, and Armbruster through the United States Marshals Service, the Clerk of Court is respectfully instructed to fill out a United States Marshals Service Process Receipt and Return form ("USM-285 form") for each of those Defendants.  The Clerk of Court is further instructed to issue summonses for each of those Defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon those Defendants.

If the Complaint is not served within ninety days after the date that summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[4]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date a complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve until ninety days after the date any summonses issue.

### III.  Conclusion

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 against DOCCS, and his claims for damages under Section 1983 against the Individual Defendants, in their official capacities, under the doctrine of Eleventh Amendment immunity for lack of subject matter jurisdiction and for seeking monetary relief from defendants that are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).  The Court also dismisses Plaintiff's claims under state law against DOCCS, and his claims under state law against the Individual Defendants, for the same reasons.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3). Further, the Court dismisses, as moot, Plaintiff's claims for prospective injunctive relief under Section 1983 that he asserts on behalf of himself against the Individual Defendants.  The Court additionally dismisses, without prejudice, any such claims that he asserts on behalf of other Sullivan prisoners.  Finally, the Court dismisses Plaintiff's claims under Section 1983 against Sullivan itself for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's remaining claims for damages under Section 1983 against the Individual Defendants, in their individual capacities, may proceed.

The Court directs the Clerk of Court to mail a copy of this Order and an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants Guzman, Konkol, and Armbruster; (2) complete USM-285 forms with the service address for each of those defendants; and (3) deliver all documents necessary to effect service on those defendants to the United States Marshals Service.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    June 17, 2024
          White Plains, New York

_____
          KENNETH M. KARAS
          United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      Doctor Guzman
         Sullivan Correctional Facility
         325 Riverside Drive
         P.O. Box 116
         Fallsburg, New York 12733-0116

2.      Nurse Konkol
         Sullivan Correctional Facility
         325 Riverside Drive
         P.O. Box 116
         Fallsburg, New York 12733-0116

3.      Nurse Practitioner Armbruster
         Sullivan Correctional Facility
         325 Riverside Drive
         P.O. Box 116
         Fallsburg, New York 12733-0116