UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS JAIME,<br><br>                       Plaintiff,<br><br>     v.<br><br>NEW YORK STATE DEPARTMENT OF CORRECTIONS COMMUNITY SUPERVISION, SULLIVAN CORRECTIONAL FACILITY, DOCTOR GUZMAN, NURSE KONKOL, N.P. MS. ARMBRUSTER,<br><br>                       Defendants. | No. 24-CV-3763 (KMK)<br><br><u>OPINION & ORDER</u> |

<u>Appearances</u>:

Luis Jaime
Stormville, NY
*Pro se Plaintiff*

Christopher J. Byrne, Esq.
New York State Office of the Attorney General
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

Plaintiff Luis Jaime ("Plaintiff"), who is currently incarcerated at Green Haven Correctional Facility, brings this Action pro se, alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983 ("Section 1983"), as well as claims under state law, against: (1) the New York State Department of Corrections and Community Supervision ("DOCCS"); (2) Sullivan Correctional Facility ("Sullivan"); (3) Sullivan physician, Doctor Guzman; (4) Sullivan Nurse Konkol; and (5) Sullivan Nurse Practitioner Armbruster (collectively the "Individual Defendants"), seeking damages as well as injunctive relief. (*See* Compl. 5 (Dkt. No. 1).) Before

the Court is Defendants' Motion to Dismiss the individual capacity claims against the Individual

Defendants (the "Motion"), (Defs.' Mot. Dismiss 1 (Dkt. No. 30)), as the Court previously

dismissed all other claims in this Action. (*See* Order ("Order") 2 (Dkt. No. 7).)

For the reasons set forth below, the Motion is granted.

<u>I.  Background</u>

A.  <u>Factual Background</u>

The following facts are drawn from Plaintiff's Complaint and are taken as true for the

purpose of resolving the instant Motion.[1]

Plaintiff is an individual who, at all times relevant to this Action, was incarcerated at

Sullivan Correctional Facility ("Sullivan") in Fallsburg, New York.  (Compl. 2.)[2]  He claims he

was admitted to Sullivan's infirmary on March 21, 2024, after "informing Nurse Konkol and a

doctor that he had sustained multiple injuries."  (*Id.* at 4–5.)  Plaintiff's injuries included

"multiple lacerations to [his] upper body and leg, bruising, swelling, and an inability to feel [his]

right leg."  (*Id.* at 5.)  Plaintiff alleges that the Individual Defendants, who staffed the infirmary,

failed to document his injuries.  (*See id*. at 4–5.)  Plaintiff suggests the Individual Defendants

sought to "cover up" an incident with a corrections officer that was not reported.  (*See id*. at 5.)

Plaintiff further alleges the Individual Defendants did not treat his lacerations while he was in the

infirmary.  (*See id.*)  After a ten-day stint in the infirmary, Plaintiff says that he was discharged

from the infirmary on March 31, 2024.  (*See id.* at 4–5.)  Plaintiff claims that the Individual

Defendants discontinued treatment for both his numb right leg and the sore, swollen, painful

---

[1] For the sake of clarity, when quoting Plaintiff's submissions, the Court will address typographical and grammatical issues without the use of brackets.
[2] When citing to court documents, the Court refers to the ECF-generated page numbers in the upper right-hand corner of the page.

right ankle "that [he] [has] been complaining about since January of 2024" upon discharge.  (*See id.* at 5.)

B.  Procedural Background

Plaintiff filed his Complaint on May 10, 2024.  (*See* Compl. 1.)  By order dated June 11, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.  (Order Granting IFP Application (Dkt. No. 6).)[3]

By order dated June 17, 2024, the Court dismissed several of Plaintiff's claims; namely, the Court dismissed Plaintiff's claim under Section 1983 against Sullivan; Section 1983 and state law claims against DOCCS; and claims for prospective injunctive relief brought on his own behalf and on behalf of other individuals incarcerated at Sullivan pursuant to Section 1983.  (*See* Order 2.)  The Court also dismissed Plaintiff's claims brought against the Individual Defendants in their official capacities but allowed his claims for damages under Section 1983 brought against the Individual Defendants in their individual capacities to proceed.  (*See id.*)

By order dated June 30, 2025, the Court granted the Defendants leave to file a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12 and adopted a briefing schedule.  (Mot. Scheduling Order (Dkt. No. 27).)  On July 31, 2025, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6), asserting that: "(1) Plaintiff's allegations are conclusory statements devoid of factual support; (2) Plaintiff did not plead an Eighth Amendment claim; and (3) his monetary damage claims are barred by the doctrine of qualified immunity; and (4) any damages claims brought against Defendants in their official capacities are barred by the Eleventh Amendment."  (Defs.' Mem. Supp. Mot. Dismiss

---

[3] Incarcerated individuals are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

("Defs.' Mem.") 2 (Dkt. No. 31).)[4]  As Plaintiff failed to oppose the Motion, the matter was

deemed fully briefed by order dated September 16, 2025.  (Memo Endorsement dated Sept. 16,

2025 (Dkt. No. 33).)[5]

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that while a complaint "does not need detailed factual

allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

---

[4] Having previously dismissed Plaintiff's claims against the Individual Defendants in their official capacities, (*see* Order 2), the Court does not reach Defendants' Eleventh Amendment argument.  *See Redmon v. Zavaras*, No. 09-CV-2133, 2011 WL 2728466, at *3 (D. Colo. June 16, 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 164 (1985)) ("The Eleventh Amendment does not bar actions for damages against state officials in their individual capacities."), *report and recommendation adopted*, 2011 WL 2729196 (D. Colo. July 13, 2011); *Tacuban v. Hawaii*, No. 06-CV-267, 2007 WL 842049, at *1 n. 2 (D. Haw. Mar. 19, 2007) ("The court does not reach [Eleventh Amendment arguments] as . . . the federal claims are only brought against [the defendant] in his individual capacity, and the Eleventh Amendment is inapplicable to him in that capacity.") (citations omitted); *see also Matailo-Morocho v. Garland*, No. 19-CV-1877, 2022 WL 1022036, at *1 (2d Cir. Apr. 6, 2022) (summary order) (declining to reach non-dispositive issues).

[5] After the Court deemed briefing on Defendants' Motion to Dismiss fully submitted, Plaintiff sent a letter to the Clerk of Court that was received on October 15, 2025.  (*See* Letter from Luis Jaime to Court dated Oct. 6, 2025 (Dkt. No. 34).)  This letter, bearing the docket numbers of several cases, stated that Plaintiff was being prevented from accessing the law library at Green Haven Correctional Facility despite "hav[ing] a deadline with the Court of Claims." (*Id.* at 1.)  He therefore requested an "extension," apparently as to the Court of Claims case, before obliquely stating, "I was told today my special access form was denied for no legit reason. Also all my federal claims."  (*Id.*)  These statements appear wholly unrelated to this Action and the Motion pending before the Court.  Moreover, Plaintiff did not clearly request an extension in this Action, and, despite approximately four months elapsing from the receipt of that letter, the Court has received no further correspondence from Plaintiff.  (*See generally* Dkt.)  Accordingly, this letter does not alter the Court's previous determination to deem the Motion to Dismiss fully briefed.

4

(alteration adopted) (internal quotation marks and citation omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration adopted) (internal quotation marks and citation omitted).  Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570.  However, if a plaintiff has not "nudged [his] claim[ ] across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[ ] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot.*

*Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).  Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).  But when a plaintiff proceeds pro se, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks and citation omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted). Moreover, where, as here, a plaintiff proceeds pro se, the Court must "construe[ ] [his] [complaint] liberally and interpret[ ] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted).  Notwithstanding a standard of review comparatively more lenient and favorable to pro se litigants, such treatment "does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics omitted) (internal quotation marks and citation omitted)).

6

B. Analysis

### 1. Sufficiency of Plaintiff's Eighth Amendment Claim

The Court and Defendants construe Plaintiff's Complaint to raise a claim under the Eighth Amendment to the United States Constitution.[6] Defendants assert that the Complaint fails to state a claim upon which relief can be granted, on the basis that Plaintiff has alleged neither a sufficiently serious injury nor the requisite mental state to support an Eighth Amendment claim. (Defs.' Mem. 2.) The Court agrees.

Plaintiff appears to assert a single claim arising from the events described above. (*See* Compl. 3–5.) Construing Plaintiff's allegations charitably, he seeks to assert an Eighth Amendment deliberate indifference claim. In his Complaint, Plaintiff explains that he is challenging "cruel and unusual punishment, medical negligence, and cruel and deliberate indifference" in the form of an asserted failure to meet his medical needs. (*Id.* at 3.) As explained above, to survive a motion pursuant to Rule 12(b)(6), a complaint must contain enough factual detail, taken as true, to allow the Court to infer a defendant is liable for the alleged misconduct. *See Ashcroft*, 556 U.S. at 678. Accordingly, the Court asks whether Plaintiff has alleged facts sufficient to support each element of that claim.

The Eighth Amendment forbids the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. It is axiomatic that this protection includes a prohibition on "deliberate indifference to serious medical needs of prisoners . . . ." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted)). A claim of deliberate indifference to an incarcerated

---

[6] As Plaintiff meets the definition of a "prisoner" as set forth in 28 U.S.C. § 1915(h), the Court construes his complaint as arising under the Eighth Amendment. (*See* Dkt. No. 5.)

person's medical needs by those overseeing his care is analyzed under the Eighth Amendment because it is an allegation that the "conditions of confinement [are] a form of punishment" and thus constitute a "violation of [the] Eighth Amendment right to be free from cruel and unusual punishments." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).  To state a claim of deliberate indifference, Plaintiff must plausibly allege (1) "that he suffered a sufficiently serious constitutional deprivation," and (2) that Defendants "acted with deliberate indifference." *Feliciano v. Anderson*, No. 15-CV-4106, 2017 WL 1189747, at *8 (S.D.N.Y. Mar. 30, 2017).

"The first requirement is objective: the alleged deprivation of adequate medical care must be sufficiently serious." *Spavone*, 719 F.3d at 138 (internal quotation marks and citation omitted).  In other words, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks and citation omitted).  Analyzing this objective requirement involves two inquiries: "whether the prisoner was actually deprived of adequate medical care," *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006), *overruled in part on other grounds by Kravitz v. Purcell*, 87 F.4th 111 (2d Cir. 2023), and "whether the inadequacy in medical care is sufficiently serious," which in turn "requires the [C]ourt to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner," *Salahuddin*, 467 F.3d at 280 (citation omitted).  "There is no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003); *see also Mallet v. New York State Dep't of Corr. & Cmty. Supervision*, 126 F.4th 125, 132 (2d Cir. 2025) (noting "there is no single metric" to determine the severity of a prisoner's medical condition); *Rodriguez v. Manenti*, 606 F. App'x 25, 26 (2d Cir. 2015) (summary order) (citation and internal quotation

marks omitted) ("[T]here is no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition[.]").  Nevertheless, the Second Circuit has suggested the following non-exhaustive list of factors to consider when evaluating an inmate's medical condition: "(1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment, (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." *Id.* (quoting *Brock*, 315 F.3d at 162).

"The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care." *Spavone*, 719 F.3d at 138.  This means that defendants must "appreciate the risk to which a prisoner was subjected," and have a "subjective awareness of the harmfulness associated with those conditions." *Darnell*, 849 F.3d at 35; *see also Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (internal quotation marks and citation omitted ) ("Deliberate indifference is a mental state equivalent to subjective recklessness," and it "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." (footnote and quotation marks omitted)).  A defendant's awareness of the risk of serious harm can be established through "inference from circumstantial evidence," including "from the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *see also Labossiere v. Baxter*, No. 21-CV-10538, 2025 WL 887623, at *5 (S.D.N.Y. Mar. 21, 2025) (same); *Upson v. Wilson*, No. 22-2698, 2025 WL 547455, at *2 (2d Cir. Feb. 19, 2025) (summary order) ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and . . . the very fact that the risk was obvious." (citation and internal quotation marks omitted)); *J.V. v. Lake*, No. 23-CV-3419, 2024 WL 3236823, at *3 (S.D.N.Y.

9

June 28, 2024) ("A defendant's knowledge can be established through inference from circumstantial evidence, including from the very fact that the risk was obvious." (citation and internal quotation marks omitted)).  However, "mere negligence" is insufficient to state a claim for deliberate indifference.  *Walker*, 717 F.3d at 125 (quotation marks omitted).

Taken as true, liberally construed, and interpreted to raise the strongest possible argument, the Complaint fails to state a cognizable Eighth Amendment claim.  Plaintiff alleges, in part, that his Eighth Amendment rights were violated by the Individual Defendants' failure to document his injuries.  (*See* Compl. 3.)  Plaintiff implies he was injured during an unreported incident with a corrections officer and alleges the failure to document was an attempted cover-up.  (*See id.* at 5.)  A failure to document alone is not a constitutional violation.  *See Walton v. Lee*, No. 15-CV-3080, 2019 WL 1437912, at *7 (S.D.N.Y. Mar. 29, 2019) (dismissing the plaintiff's Eighth Amendment claims against prison officials premised upon their alleged failure to "properly document his injuries"); *see also Perez v. Does,* 209 F. Supp. 3d 594, 599 (W.D.N.Y. 2016) ("A [prison official]'s failure to document an inmate's injuries is not a constitutional deprivation"); *Evans v. Murphy*, No. 12-CV-365, 2013 WL 2250709, at *3 (W.D.N.Y. May 22, 2013) (holding the plaintiff's allegation that a defendant failed to document his injuries as part of an effort to cover-up an alleged assault did not state a cognizable constitutional claim).

Plaintiff further alleges the Individual Defendants failed to treat his lacerations during his 10 days in the infirmary.  (*See* Compl. 5.)  When a plaintiff alleges prison officials failed to provide any treatment for their medical condition, the Court must examine the seriousness of the plaintiff's medical condition*.  Salahuddin*, 467 F.3d at 280 (citation omitted).  Plaintiff provides no details regarding the size of his lacerations, their impact on his daily life, or the pain they

10

cause.  (*See* Compl. 3–5.)  This information is highly relevant, as courts in the Second Circuit routinely hold lacerations alone do not satisfy the deliberate indifference analysis's objective prong.  *See, e.g.*, *Morris v. City of New York*, No. 20-CV-9314, 2021 WL 4461994, at *6 (S.D.N.Y. Sep. 29, 2021) (dismissing deliberate indifference claim where plaintiff suffered lacerations to his face and scalp); *Brown v. Annucci*, No. 19-CV-9048, 2021 WL 860189, at *5 (S.D.N.Y. Mar. 8, 2021) ("District courts in the Second Circuit have consistently held that bruises, lacerations, cuts, black eyes, and other superficial injuries are not sufficiently serious to support a deliberate indifference claim." (citation and quotation marks omitted)); *Goodwin v. Kennedy*, No. 13-CV-1774, 2015 WL 1040663, at *12 (E.D.N.Y. Mar. 10, 2015) (determining that several lacerations to arms and legs, even alongside other injuries, did not constitute a serious medical condition).  Without any allegations about the indica of severity of the lacerations, the failure to treat alleged them does not rise to the level of a constitutional violation. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation"); *see also Daniels v. Mandalaywala*, No. 23-CV-1001, 2026 WL 575511, at *3 (N.D.N.Y. Mar. 2, 2026) ("[N]ot every injury a prisoner suffers translates into constitutional liability for prison officials." (quotation marks and citation omitted)); *Salahuddin*, 467 F.3d at 279 ("Not every lapse in medical care is a constitutional wrong."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid . . . Eighth Amendment [claim].").

Plaintiff further alleges the Individual Defendants violated his Eighth Amendment rights by discontinuing treatment of his right leg and his right ankle upon discharge from the infirmary.

(*See* Compl. 5.) When a plaintiff alleges only inadequate medical treatment, the Court's analysis shifts towards examining "the particular risk of harm the plaintiff faced as a result of the deprivation, rather than the severity of the plaintiff's underlying medical condition." *See Daniels v. Mueller*, No. 23-CV-5654, 2025 WL 949842, at *5 (S.D.N.Y. Mar. 28, 2025) (quoting *Smith*, 316 F.3d at 186) (quotation marks omitted, alterations adopted). "[I]n most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to whether the denial of treatment subjected the prisoner to a significant risk of serious harm." *Byng v. Wright*, No. 09-CV-9924, 2012 WL 967430, at *7 (S.D.N.Y. Mar. 20, 2012) (quoting *Smith,* 316 F.3d at 187) (quotation marks omitted, alteration adopted). So long as "the treatment provided is responsive to the prisoner's condition, the fact that a prisoner might prefer different treatment does not give rise to a constitutional violation." *Gibson v. Mount Vernon Montefiore Hosp. Exec. Dir.*, No. 22-CV-4213, 2024 WL 1217528, at *12 (S.D.N.Y. Mar. 19, 2024) (citation and quotation marks omitted, alterations adopted). Plaintiff pleads no specific facts describing the treatment he originally received nor the downstream consequences arising from its discontinuation. (*See generally* Compl.) Accordingly, as plead, the Complaint alleges no facts that suggest the treatment Plaintiff received was so inadequate as to rise to the level of a constitutional violation. *See Romano v. Laskowski*, No. 18-CV-0479, 2018 WL 10579846, at *2 (W.D.N.Y. June 1, 2018) (dismissing claim where the plaintiff failed to allege "a substantial deprivation of treatments withheld and particular risks attributed to the missed treatments"); *cf. Jahad v. Holder*, No. 19-CV-4066, 2021 WL 3855445, at *6 (S.D.N.Y. Aug. 26, 2021) (holding the defendant's premature cessation of treatment for the plaintiff's painful and swollen knee despite him to continuing to "struggle[] to walk, stand, and sleep" was "sufficiently serious"); *Walker v. Cnty. of Nassau*, No. 15-CV-4794, 2016 WL 11481725, at *8 (E.D.N.Y. Aug. 8,

12

2016), (holding the defendant's failure to provide continuing treatment leading to "constant[] swelling, burning, tingling, [and] aching" in the plaintiff's leg that "prevent[ed] him from being able to walk, sit, or lie down without excruciating pain" satisfied the deliberate indifference analysis's objective prong), *report and recommendation adopted*, 2016 WL 5338546 (E.D.N.Y. Sept. 22, 2016); *Poole v. Armor Corr. Health Servs.*, No. 15-CV-2927, 2016 WL 1089350, at *5 (E.D.N.Y. Mar. 21, 2016) ("Taken as true, plaintiff's knee pain, which he alleges was so severe that he could barely walk[,] and subsequently, could not walk at all[,] provides a plausible claim that is sufficiently serious to meet the objective requirement of a deliberate indifference claim").

Furthermore, as plead, the Complaint alleges no facts satisfying the deliberate indifference analysis's subjective prong. The subjective test requires "something more than mere negligence; but proof of intent is not required[.]" *Cuoco v. Moritsugu*, 222 F.3d 99, 106–07 (2d Cir. 2000) (internal quotation marks omitted). This standard can be met with a showing of criminal recklessness, where the prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Darby v. Greenman,* 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Farmer,* 511 U.S. at 837) (internal quotation marks omitted); *see Lara-Grimaldi v. Cnty. of Putnam*, 132 F.4th 614, 631 (2d Cir. 2025) ("For a prisoner to establish an Eighth Amendment claim of deliberate indifference to his serious medical needs he would have to make a showing that the official was subjectively aware of the risk." (internal quotation marks and citation omitted)).

The standard is also met where the official's actions involve "the unnecessary and wanton infliction of pain." *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015) (internal quotation marks and citation omitted). However, Plaintiff has pled no facts that plausibly

establish the Individual Defendants acted with a culpable mental state.  (*See* Compl. 3–5.)

Instead, Plaintiff offers only conclusory allegations that Defendants failed to treat his injuries and

were deliberately indifferent.  (*See id.* at 4–5 (asserting that neither "Doctor Guzman nor Nurse

Konkol . . . cared or showed any sense of medical care" even though Plaintiff "told both . . .

multiple times about injuries [he] sustained").)  The facts alleged do not plausibly establish that

the Individual Defendants "kn[ew] of and disregard[ed] an excessive risk to [his] health or

safety" by discontinuing treatment, nor suggest doing so involved the unnecessary and wanton

infliction of pain.  *Cf. Mallet*, 126 F.4th at 137 (reversing the district court's dismissal of the

plaintiff's Eighth Amendment claim against his primary care provider supported by allegations

said provider encouraged medical staff to provide the plaintiff with "the minimum treatment the

[s]tate will allow" and his Eighth Amendment claim against a specialist who forewent further

testing after a diagnostic procedure revealed the plaintiff may have [had] prostate cancer);

*Ceparano v. Suffolk Cnty. Dep't of Health*, 485 F. App'x 505, 508 (2d Cir. 2012) (summary

order) (holding allegations that the defendant refused to prescribe pain medication, pursue a

required surgery, or abandon a conservative treatment plan despite the plaintiff's repeated visits

and continued reports his condition was worsening were sufficient to survive motion to dismiss).

    Accordingly, Plaintiff has failed to allege facts sufficient to support either prong of a

deliberate indifference claim under the Eighth Amendment.[7]

---

[7] As none of Plaintiff's allegations states a plausible Eighth Amendment claim, the Court does not reach the Qualified Immunity argument raised in Defendants' Memorandum, (Defs.' Mem. 2.)  *See Ransom v. Banks*, No. 20-CV-10232, 2022 WL 769344, at *7 (S.D.N.Y. Mar. 14, 2022) ("Since the [c]ourt dismisses [the p]laintiff's Section 1983 claims for failure to state a claim, the [c]ourt does not reach the question of qualified immunity."); *Rodriguez v. Cnty. of Westchester*, No. 15-CV-9626, 2017 WL 118027, at *11 n.5 (S.D.N.Y. Jan. 11, 2017) ("Because the [c]ourt grants [the defendant]'s motion to dismiss the § 1983 deliberate indifference claim

### III.  Conclusion

For the reasons set forth above, the Individual Defendant's Motion to Dismiss is granted. However, because this is the first adjudication of Plaintiff's claims against the Individual Defendants on the merits, the dismissal is without prejudice.  Should Plaintiff choose to file an amended complaint correcting the deficiencies identified above, he must do so within 30 days of the date of this Opinion & Order.  The amended complaint will replace, not supplement, the complaint currently before the Court.  It therefore must contain *all* of the claims and factual allegations Plaintiff wishes the Court to consider.  The Court will not consider factual allegations raised in supplemental declarations, affidavits, or letters.  If Plaintiff fails to abide by the 30-day deadline, the claims could be dismissed with prejudice.

The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 30, and to mail a copy of this Opinion to Plaintiff.

SO ORDERED.

Dated:    March 26, 2026
           White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

against him for failure to state a claim, the [c]ourt does not reach [the defendant]'s argument that he is protected by qualified immunity.").

15